IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UR HEALTH CHIROPRACTIC CORP.
a/a/o Oxana Kouzmenko, on behalf of itself
and all others similarly situated,

      CASE NO.:_____

    Plaintiff,

      STATE CASE NO. CACE-17-017073

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Progressive Select Insurance Company ("Progressive"), pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and 1446, hereby removes to this Court the state court action described below.

1. This action was filed on September 8, 2017 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida styled *UR Health Chiropractic Corp. v. Progressive Select Insurance Co.*, Case No. CACE-17-017073 (the "State Court Action"). Plaintiff filed its Amended Complaint ("Amended Complaint" or "A.C.") on September 21, 2017, prior to service on Progressive.

2. Plaintiff filed this suit on behalf of itself and an unknown number of persons and/or entities who submitted claims for payment of Florida No-Fault ("PIP") automobile insurance benefits from Progressive.[1] Plaintiff challenges Progressive's application of Medicare's Multiple Procedure Payment Reduction Rule ("MPPR") in calculating the reimbursement of certain bills for PIP benefits. (A.C. at ¶¶ 28-46.)

---

[1] PIP benefits are governed by Fla. Stat. § 627.736.

3. Based on this theory, Plaintiff asserts three claims against Progressive: class-wide declaratory/injunctive relief (Count I) (A.C. at ¶¶ 48-73); class-wide breach of contract damages (Count II) (A.C. at ¶¶ 74-83); and individual breach of contract damages (Count III) (A.C. at ¶¶ 84-93.)

4. In Count I, Plaintiff requests the following declarations: (i) "that [Progressive] did not provide notice to its Insureds that it would NOT apply MPPR to diagnostic/imaging providers;" and (ii) "that under the Endorsement Form A085 FL (05/12), [Progressive] must apply MPPR to diagnostic imaging providers." (A.C. at ¶ 73.) Plaintiff also seeks to enjoin Progressive from "continuing the practice of applying MPPR to some medical providers but not others." (*Id.*) Plaintiff further seeks to require Progressive "to pay the Plaintiff's reasonable attorney's fees and costs pursuant to Fla. Stat. § 627.428 and relevant Florida law." (*Id.*)

5. In Count II, Plaintiff seeks "damages against [Progressive] and in favor of the Pre-Suit Notice Sub-Class members . . . requiring full payment for medical services and treatments in the amount required by Fla. Stat. Sec. 627.736(5) (a) for the time period January 1, 2014 to the present, together with prejudgment interest thereon, and all interest on any past benefits not timely paid." (A.C. at ¶ 83.) Plaintiff further seeks to require Progressive "to pay the Plaintiff's reasonable attorney's fees and costs pursuant to Fla. Stat. § 627.428 and relevant Florida law." (*Id.*)

6. In Count III, Plaintiff seeks "damages against [Progressive] and in favor of the Plaintiff . . . for personal injury protection benefits together with prejudgment interest, costs, and attorney's fees pursuant to Fla. Stat. Sec. 627.428 and Fla. Stat. Sec. 627.736(5)." (A.C. at ¶ 93.) Plaintiff further seeks to require Progressive "to pay the Plaintiff's reasonable attorney's fees and costs pursuant to Fla. Stat. § 627.428 and relevant Florida law." (*Id.*)

7. Pursuant to 28 U.S.C. § 1446(a), Progressive has attached: (a) a copy of the Amended Complaint served upon it as **Exhibit 1**; and a copy of all other process and pleadings served on Progressive in the State Court Action as **Composite Exhibit 2**. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing, a copy of which will be served upon all parties.

8. Progressive, the only defendant in this suit, was served with the Amended Complaint on September 26, 2017. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

9. Plaintiff's counsel has previously agreed that Progressive shall have an extension of time through November 15, 2017 to respond to the Complaint. (**Exhibit 3**.)

### This Court Has Jurisdiction Over This Action Under CAFA

10. This Action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

11. Plaintiff seeks to bring this Action on its own behalf and on behalf of a putative class comprised of (A.C. at ¶ 33):

All persons or entities[2] who:

---

[2] Excluded from the Class "are: (a) the Insurance Company, any parent, subsidiary, affiliate, or control person of the Insurance Company, as well as the officers, directors, agents, servants, and employees of the Insurance Company, and the immediate family members of such persons, (b) any trial judge that may preside over the Action, and (c) diagnostic/imaging medical providers." (A.C. at ¶ 33.)

(I) (a) who are health care providers as described by Fla. Stat. Sec. 627.736(1)(a) or their assigns; (b) who received an assignment of benefits from the insured/claimants under a Progressive PIP policy; (c) who during the Class Period[3] provided health care services to any person insured in the State of Florida by the Insurance Company with personal injury protection coverage; (d) who submitted bills to the Insurance Company for payment of such health care services; (e) where the Insurance Company applied MPPR to those bills; and (f) who received payment based on the reduced MPPR rates; AND

(II) (a) all claimants who did not assign their rights in the PIP policies to a health care provider or who revoked and/or received a re-assignment of benefits from the health care provider: (b) who during the Class Period received health care services from diagnostic/imaging medical providers in the State of Florida while they were insured by the Insurance Company with personal injury protection coverage; (c) who submitted bills or had bills submitted on their behalf to the Insurance Company for payment of the services provided by the diagnostic/imaging medical providers; (d) where the diagnostic/imaging medical provider did not use Modifier 59; (e) where the Insurance Company did not apply MPPR to those diagnostic/imaging bills, and (f) where the Insurance Company made a payment without applying the reduced MPPR rates to the services provided by the diagnostic/imaging medical providers.

12. Plaintiff also alleges that there is a "Pre-Suit Notice Sub-Class" comprised of "all persons and/or entities who: (a) are a member of the Class, and (b) submitted a pre-suit notice to the Insurance Company pursuant to Fla. Stat. § 627.736(10)." (A.C. at ¶ 34.)

13. The Amended Complaint seeks to certify a class pursuant to Rules 1.220(b)(1), (b)(2), and/or (b)(3) of the Florida Rules of Civil Procedure, which is the Florida equivalent to Rule 23 of the Federal Rules of Civil Procedure. (A.C. at ¶¶ 1, 31.)

14. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expressly provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original

---

[3] The "Class Period" means "the period beginning on January 1, 2014 and continuing through 20 days after the date of the Order of Preliminary Approval of the Settlement Agreement." (A.C. at ¶ 33.)

jurisdiction where the putative class contains at least 100 class members; and any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs.  28 U.S.C. § 1332(d).

15.     This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from some of the Defendants; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA do not apply here.  *See* 28 U.S.C. § 1332(d).

### A.      The Putative Class Exceeds 100

16.     CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5).  That requirement is clearly met here.  While Plaintiff does not identify the number of putative class members in its Amended Complaint, Plaintiff does allege that "there are thousands of health care providers operating in the State of Florida, who are potential class members in this action."  [A.C. at ¶ 36].  A review of Progressive's records indicates that there are more than 4,000 unique billing providers (based on taxpayer identification numbers) implicated by the putative class as defined by Plaintiff.  (**Exhibit 4**, Declaration of Michael D. Silver, at ¶ 12.)  Accordingly, it is clear that there will be in excess of 100 class members implicated in the putative class asserted by the Plaintiff in this Action.

### B.      There Is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

17.     The second CAFA requirement is at least minimal diversity—at least one putative class member must be a citizen of a different state than any one defendant.  28 U.S.C. § 1332(d)(2).

18. On information and belief and as set forth in the Complaint, Plaintiff is now, and was at the time of the filing of the Complaint, and at all times intervening, a citizen of Florida. (A.C. at ¶ 3.) As set forth in the Amended Complaint, Plaintiff "is a corporation organized under the laws of the State of with its principal place of business located in Broward County, Florida." (*Id.*)

19. Progressive is now, and was at the time of the filing of the Complaint, and at all times intervening, an Ohio corporation and its principal place of business is in Ohio. (*See* A.C. at ¶ 4.) Progressive is therefore considered to be a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

20. The proposed class is comprised of a subset of health care providers in Florida who submitted bills to Progressive for payment of medical services rendered to persons insured by Progressive for PIP coverage. As alleged in the Amended Complaint, such benefits arise from Florida automobile insurance policies. For purposes of this Notice, Defendants must assume that the class is limited to those persons seeking benefits under Progressive's policies issued in the State of Florida. *See Julian v. Johnson*, 438 So. 2d 503, 505 (Fla. 5th DCA 1983) (Florida PIP coverage not afforded under policy issued in another state).

21. Thus, there is diversity here, as the Plaintiff (as well as the putative class members) are citizens of Florida and Progressive is a citizen of Ohio. Thus, this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

  **C.**   **The CAFA Amount in Controversy Requirement of $5,000,000 Is Met**

22. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

23. As the United States Supreme Court has held, Progressive's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).[4]

24. Here, based upon Plaintiff's allegations and theories (which Progressive disputes, but which control for removal purposes), Progressive plausibly alleges that the $5,000,000 CAFA amount in controversy requirement is satisfied.

25. Count II of the Amended Complaint for breach of contract seeks, in part, "damages against [Progressive] and in favor of the Pre-Suit Notice Sub-Class members . . . requiring full payment for medical services and treatments in the amount required by Fla. Stat. Sec. 627.736(5) (a) for the time period January 1, 2014 to the present, together with prejudgment interest thereon, and all interest on any past benefits not timely paid." (A.C. at ¶ 83.) The amount of Progressive's allegedly wrongful bill calculations has thus been quantified by Plaintiff as the amount of PIP benefits reduced or withheld based on the improper application by Progressive of MPPR.

---

[4] Progressive must show only that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). To meet that burden, a removing party can provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . . [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. In meeting this burden, the removing party may present "affidavits, declarations, or other documentation." *Id.* at 755 (citations omitted); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

26. Based upon a review of Progressive's records, and as explained more fully in the Declaration of Michael D. Silver ("Silver Declaration"), Progressive has demonstrated that the total amount of potential exposure to it based solely on quantifying the breach of contract damages far exceeds the five million dollar ($5,000,000) threshold and exceeds seven million dollars ($7,000,000). (**Exhibit 4**, Silver Declaration, at ¶ 11.)

27. Thus, even ignoring the interest sought, the CAFA amount in controversy requirement is easily satisfied based on the damages sought in Count II of the Amended Complaint alone.

28. In addition, Count I of Plaintiff's Amended Complaint seeks declaratory and injunctive relief. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); *see also Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented"). In the insurance context, the "value of the right to be protected is the [insurer's] potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages and punitive damages." *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 2006 WL 1823562, at *3 (M.D. Fla. June 30, 2006) (quotations omitted).

29. Further, the value of the declaratory relief sought by Plaintiff in Count I necessarily includes the value of any recovery sought by Plaintiff because a declaration by this Court will establish how payments should have been calculated since 2013. *See, e.g., South Florida Wellness*, 745 F.3d at 1318.

30. Plaintiff has also requested an award of attorneys' fees. The Florida Insurance Code does provide for an award of attorneys' fees against insurance companies under certain circumstances. *See* Fla. Stat. § 627.428. Although Progressive disputes Plaintiff or the class are entitled to any such award, and dispute that the statute applies to the Plaintiff's or the class's claims as a matter of fact or law, for purposes of removal, Plaintiff's assertion of a statutory right to attorneys' fees is properly considered in ascertaining the amount in controversy. *See, e.g., Sheffield Woods at Wellington Condo. Ass'n v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (denying motion to remand, finding amount in controversy met based in part on potential for attorneys' fees under Fla. Stat. § 627.428). Here, the possibility of attorneys' fees simply swells the amount in controversy and further demonstrates that the CAFA amount in controversy requirement is clearly met here.

31. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

### D. The Exceptions to CAFA Do Not Apply Here

32. CAFA provides two mandatory exceptions to the application of federal jurisdiction (both of which the Eleventh Circuit has labeled the "local controversy exception"), and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4); *see also Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (discussing the "local controversy exception"); *Gavron v. Weather Shield Mfg.*, 2010 WL 3835115, at *2-3 (S.D. Fla. Sept. 29, 2010). The burden of establishing the exceptions to CAFA rests not on Defendants, but rather on Plaintiffs as the non-removing party. *Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). In this

case it is clear that none of these exceptions apply, and Plaintiff could not possibly meet its burden of establishing any exception.

### E.     This Action is Properly Removed

33.     Accordingly, because the CAFA prerequisites are met and none of the exceptions applies, this case is properly removable under CAFA.

34.     The undersigned state that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

**WHEREFORE**, Progressive prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: October 25, 2017                               Respectfully submitted,

**AKERMAN LLP**

/s/ *Ari H. Gerstin*
Marcy Levine Aldrich (FBN 0968447)
marcy.aldrich@akerman.com
Ari H. Gerstin (FBN 0839671)
ari.gerstin@akerman.com
Ross E. Linzer (FBN 73094)
ross.linzer@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street
Phone: (305) 374-5600
Fax: (305) 374-5095

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court and served on all persons listed on the Service List below via electronic mail on this 25th day of October, 2017.

/s/ *Ari H. Gerstin*
Attorney

**SERVICE LIST**

Andres H. Lopez
The Andres Lopez Law Firm, PA
7351 Wiles Road, Suite 101
Coral Springs, FL 33067
Phone: 954-237-8138
Fax: 877-393-7558
Primary Email: eservice@alopezlawfirm.com
Secondary Email: Andres@alopezlawfirm.com