UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-62086-CIV-MORENO

UR HEALTH CHIROPRACTIC CORP., a/a/o
Oxana Kouzmenko, on behalf of itself and all
others similarly situated,

        Plaintiff,

vs.

PROGRESSIVE SELECT INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff UR Health Chiropractic Corporation brought this action against Defendant Progressive Select Insurance Company to challenge its reimbursement practices related to personal injury protection benefits. Progressive subsequently moved to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, it is ADJUDGED that Progressive's motion to dismiss is GRANTED.

### I. The Parties

#### A. Relevant Non-Party

##### 1. *Oxana Kouzmenko*

Oxana Kouzmenko is a Florida resident who sustained injuries during an automobile accident that occurred on August 6, 2016. At that time, Kouzemenko was covered under an insurance policy issued by Defendant Progressive Select Insurance Company. The Policy provided Kouzmenko with personal injury protection benefits in accordance with Florida's

Motor Vehicle No-Fault Law.[1] Kouzmenko assigned the benefits under this Policy to UR Health and, in exchange, UR Health provided medical services to help treat Kouzmenko's injuries.

## B. The Parties

### 2. *Plaintiff – UR Health Chiropractic Corporation*

UR Health is a Florida corporation with its principal place of business in Broward County, Florida. It provides chiropractic services to help patients with a variety of injuries.

### 3. *Defendant – Progressive Select Insurance Company*

Progressive Select Insurance Company is a foreign corporation that provides, among other things, automobile insurance in Florida. Progressive sold an automobile insurance policy to Kouzmenko. This Policy was in effect at the time of Kouzmenko's automobile accident, which triggered Progessive's obligation to provide Kouzmenko with the personal injury protection benefits included in the policy.

## II. Background

Following the 2016 automobile accident, Kouzmenko assigned the personal injury protection benefits from her Progressive automobile insurance policy to UR Health. In turn, UR Health provided chiropractic services to help Kouzmenko recover from the personal injuries she sustained during the accident. Progressive subsequently reimbursed UR Health for certain medical services covered by the policy.

To calculate the reimbursement owed to UR Health under Kouzmenko's insurance policy, Progressive applied Medicare's Multiple Procedure Payment Reduction Rule to UR Health's bills for chiropractic services. The Multiple Procedure Payment Reduction Rule—which accounts for the savings and efficiencies achieved when a provider performs multiple medical procedures in a single day—reduces payment to a healthcare provider by a set

---

[1] Under the Florida Motor Vehicle No-Fault Law, automobile operators must have personal injury protection coverage that provides at least $10,000 in combined medical expense and lost wage coverage in the event of an automobile accident. *See* Fla. Stat. Sec. 627.736(1)(a).

2

percentage for second and subsequent procedures provided to the same patient on the same day. *See* 7 Fed. Reg. 68,927. By applying the Multiple Procedure Payment Reduction Rule, Progressive decreased the amount of reimbursement disbursed to UR Health.

UR Health concedes that under Florida's personal injury protection statute *as well as* Kouzmenko's automobile insurance policy, Progressive had the right to utilize the Multiple Procedure Payment Reduction Rule to calculate reimbursement owed to UR Health for providing Kouzmeko with personal injury protection benefits. UR Health also concedes—or, at least, does not challenge—that Progressive accurately applied the Multiple Procedure Payment Reduction Rule to UR Health's bills.

However, UR Health contends that Progressive still violated the law by arbitrarily applying the Multiple Procedure Payment Reduction Rule to some healthcare providers but not to others. It alleges that Progressive did not apply the Multiple Procedure Payment Reduction Rule to reduce reimbursement amounts owed to "diagnostic/imaging providers." UR Health argues that by applying the Multiple Procedure Payment Reduction Rule "to providers like the Plaintiff" and "arbitrarily choos[ing] NOT to apply it to diagnostic/imaging providers," Progressive engaged in unlawful "discriminatory conduct." (Resp. at 2.) Finally, even if Progressive may utilize the Payment Production Rule for some—but not all—providers, UR Health contends that the insurance policy must "provide sufficient notice to the insureds of [this] discriminatory practice." (*Id.*)

Progressive maintains that it has no obligation to employ the Payment Reduction Rule uniformly for all providers, or to notify insureds when it applies the Payment Reduction Rule non-uniformly. It notes that UR Health offers no support for its all-or-nothing rule or its notice requirement.

### III. Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or

3

face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

## IV. Analysis

Florida's personal injury protection statute *and* Kouzmenko's automobile insurance policy authorize Progressive's use of the Multiple Procedure Payment Reduction Rule to calculate reimbursement owed to UR Heatlh. Under Kouzmenko's policy, Progressive agreed to "pay benefits that an insured person is entitled to receive pursuant to the Florida Motor Vehicle No-Fault Law . . . because of bodily injury." (Resp. at 5.) Progressive further explained that the total amount of benefits paid "will be subject to the Center for Medicare Services coding policies and payment methodologies," which include the Multiple Procedure Payment Reduction Rule. (*Id.* at 6.) Florida's personal injury protection statute provides additional support by expressly reserving insurers' rights to use "the Medicare coding policies and payment methodologies of the federal Centers for Medicare and Medicaid Services . . . to determine the appropriate amount of reimbursement for medical services, supplies, or care . . . ." Fla. Stat. Ann. § 627.736(5)(a)(3).

UR Health explains, however, that "[t]he issue is not whether the Defendant can generally apply [the Multiple Procedure Payment Reduction Rule]," but "whether [Florida's personal injury protection statute] allows the Defendant to discriminatorily apply [the Multiple

4

Procedure Payment Reduction Rule]." UR Health argues that Progressive may not utilize the Payment Reduction Rule for only some—but not all—providers:

> The Plaintiff alleges that if the Defendant chooses to employ [the Multiple Procedure Payment Reduction Rule], it must apply it to *all eligible providers*. Conversely, if the Defendant decides not to apply [the Multiple Procedure Payment Reduction Rule], then it cannot apply it to any provider. Since the Defendant adopted an arbitrary practice of NOT applying [the Multiple Procedure Payment Reduction Rule] to diagnostic providers, then it is precluded from applying it to the other providers such as the Plaintiff.

(Resp. at 5 (emphasis in original).)

UR Health reads this limitation into Florida's personal injury protection statute, arguing that the statute itself "does not expressly allow the insurer to apply [the Multiple Procedure Payment Reduction Rule]." (Resp. at 10.) According to UR Health, "once the Defendant elects to use [the Multiple Procedure Payment Reduction Rule], the statute does not allow it to apply it to one provider while at the same time arbitrarily refuse (sic) to apply it to other eligible providers." (*Id.*).

This is an interesting argument, but by no means a meritorious one. No provision of Florida's personal injury protection statute creates a cause of action where an insurer applies the Payment Reduction Rule to some providers but not others. Nor does UR Health provide any extra-textual support for its interpretation of the statute or the necessary premise underlying that interpretation—*i.e.*, that conduct is prohibited unless expressly authorized.

Alternatively, Progressive posits that "the real motivation for this lawsuit is UR Health's apparent resentment that Progressive allegedly *does not apply* the [the Multiple Procedure Payment Reduction Rule] to diagnostic/imaging medical providers." (Mot. at 3 (emphasis in original).) However, Progressive accurately notes that "[e]ven if UR Health were correct that Progressive was not applying the [Multiple Procedure Payment Reduction Rule] to diagnostic/imaging providers and that Progressive *must* apply the [Multiple Procedure Payment

5

Reduction Rule] to such providers, there would be zero relief afforded to UR Health as a result." (*Id.* (emphasis in original).) In other words, even if the statute required Progressive to utilize the Multiple Procedure Payment Reduction Rule for diagnostic and imaging providers, UR Health's total reimbursement would not change.

UR Health's final argument—*i.e.*, that even if Florida's personal injury protection statute permitted Progressive to apply the [Multiple Procedure Payment Reduction Rule] for only some providers, "it must provide adequate notice to the insureds that it will do so"—fails for the same reasons. Here too, UR Health ostensibly invents a cause of action. Nothing in the governing statute or Kouzmenko's insurance policy requires Progressive to provide such notice or allows UR Health to recover in the absence of that notice. To be sure, the statute states that "[a]n insurer may limit payment as authorized by this paragraph only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the schedule of charges specified in this paragraph." Fla. Stat. Ann. § 627.736(a)(5). However, Progressive satisfied that requirement by including language in Kouzmenko's insurance policy reserving the right to utilize the Multiple Procedure Payment Reduction Rule.

In short, UR Health seeks to recover for a cause of action that does not exist. It cannot prevail under any construction of the complaint because it has not plead cognizable claim for relief. Thus, contrary to UR Health's absurd suggestion that Progressive's motion to dismiss is premature because it "advances arguments that go to the merits of the claims," the Court must dismiss the complaint.

## V. **Conclusion**

For the reasons discussed, it is ADJUDGED that Progressive's Motion to Dismiss the Amended Class Action Complaint (D.E. 10), filed on November 15, 2017 is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this _18_ of January 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record